**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 17-15552 |
| Plaintiff–Appellee, | D.C. No. |
| FIRST INT'L BANK & TRUST, | 2:12-cv-00536-GMN-VCF |
| Objector–Appellee, | MEMORANDUM[*] |
| v. | |
| AMERICANS FOR FINANCIAL REFORM, | |
| Intervenor–Appellee, | |
| AMG CAPITAL MANAGEMENT, LLC, et al., | |
| Defendants–Appellees, | |
| E.T.S. VENTURES, LLC, and EL DORADO TRAILER SALES, LLC, | |
| Real-Party-in-Interest –Appellants, | |
| THOMAS W. McNAMARA, Court Appointed Monitor, | |
| Receiver–Appellee. | |

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted October 16, 2017
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and EZRA,** District Judge.

In April 2012, the Federal Trade Commission ("FTC") brought suit to enjoin unlawful lending and collection practices by, *inter alia*, Defendant Level 5 Motorsports, LLC ("Level 5"). In March 2016, the district court granted the FTC's motion for a preliminary injunction and issued an asset freeze ("the Freeze Order"). In relevant part, the Freeze Order applied to non-parties in possession of assets owned, in whole or in part, by Defendants. In August 2016, the district court issued an order enforcing the Freeze Order ("the Enforcement Order") against non-parties El Dorado Trailer Sales, LLC, and E.T.S. Ventures, LLC (collectively, "El Dorado"). The court made a preliminary finding that El Dorado was in possession of an asset of Level 5 ("the Trailer") that was subject to the Freeze Order.

---

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

El Dorado filed a motion to dissolve the Freeze Order and the Enforcement Order, which the district court denied in January 2017 and from which El Dorado appeals. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review for abuse of discretion a district court's granting of a preliminary injunction. *FTC v. Enforma Nat. Prods.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (en banc) (internal citations omitted). Thus, a preliminary injunction will be reversed only "when a district court based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Id.* at 1211–12. In the context of federal enforcement proceedings, we review decisions to exempt applicants and/or their assets from receiverships or monitorships for abuse of discretion. *SEC v. Universal Fin.*, 760 F.2d 1034, 1037–38 (9th Cir. 1985); *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). We review issues of personal jurisdiction and subject matter jurisdiction *de novo*. *Pac. Atl. Trading Co. v. M.V. Main Express*, 758 F.2d 1325, 1326 (9th Cir. 1985) (review standard for personal jurisdiction); *State of Alaska v. Babbitt*, 38 F.3d 1068, 1072 (9th Cir. 1994) (review standard for subject matter jurisdiction).

1. El Dorado challenges the district court's jurisdiction to issue the Freeze Order and Enforcement Order, arguing that because El Dorado is a non-party the court improperly exercised jurisdiction over El Dorado and El Dorado's possession

of, and stated intent to sell, the Trailer. First, we find that the district court had clear authority to issue the Freeze Order pursuant to Section 13(b) of the FTC Act. *See* 15 U.S.C. § 53(b). This provision allows courts to grant the FTC, in equitable restitution cases, a preliminary injunction upon (1) weighing the equities, and (2) considering the FTC's likelihood of success, where harm to the public interest is presumed. *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 346 (9th Cir. 1989) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175–76 (9th Cir. 1987)). The record shows this is the test the district court properly applied.

The court's issuance of an asset freeze as part of the Freeze Order was also proper because we have previously affirmed the power of district courts under Section 13(b) "to issue a preliminary injunction to preserve the status quo in order to protect the possibility" of an equitable remedy. *See FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982); *see also FTC v. Am. Nat'l Cellular, Inc.*, 810 F.2d 1511, 1514 (9th Cir. 1987) (finding "no reason to disturb the district court's decision" to grant the FTC an injunction and impose an asset freeze).

Moreover, pursuant to the FTC Act's nationwide service of process provision, the district court has nationwide personal jurisdiction over El Dorado, even though El Dorado is a non-party to the underlying enforcement action. *See*

15 U.S.C. § 53(a). In a statute providing for nationwide service of process, the minimum contacts analysis is whether the entity "has acted within any district of the United States or sufficiently caused foreseeable consequences in this country." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Although El Dorado argues that personal jurisdiction in the District of Nevada is improper because it does not have minimum contacts with the forum state, it is undisputed that El Dorado does have minimum contacts with the United States sufficient to satisfy the nationwide service of process test. And, while the "power to exercise jurisdiction nationwide is not self-executing," *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007), the record shows that El Dorado was properly served with the Freeze Order and put on notice that the Trailer in its possession was subject to enjoinment in the enforcement action.

2.     We also find that the district court had jurisdiction – pursuant to the All Writs Act – to issue the Enforcement Order, which applied the Freeze Order specifically to El Dorado to restrain its intended imminent sale of the Trailer. *See* 28 U.S.C. § 1651; *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) (a district court may issue orders under the All Writs Act "to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction

otherwise obtained"); *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 544 (9th Cir. 1987) (same).

3.     Contrary to El Dorado's arguments, neither of these orders was a standard preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. *See SEC v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980) ("The Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases, especially where a federal agency seeks enforcement in the public interest."). Therefore, even though the Freeze Order here contained the standard Rule 65(d) language for binding non-parties in "active concert or participation with" named parties, the Freeze Order and the Enforcement Order properly bound El Dorado because they both issued under authority broader than the dictates of Rule 65. *See Universal Fin.*, 760 F.2d at 1038 (noting that a court's power in an enforcement action to enter a "blanket stay" is "broader than the court's authority to grant or deny injunctive relief under Fed. R. Civ. P. 65.").

4.     Finally, the record reflects that the Freeze Order has, in effect, been continued post-judgment by the district court's issuance of an order in November 2016 instituting a monitorship over Defendants' assets in furtherance of fulfillment of the FTC's favorable judgment. In light of the district court's preliminary

finding that the Trailer is an asset of Level 5, the Trailer remains under the jurisdiction of the monitorship in the District of Nevada. Therefore, because El Dorado challenges ownership of the Trailer, El Dorado's form of recourse is to file a competing claim of ownership with the Monitor and litigate this issue, as needed, in the District of Nevada, where jurisdiction properly lies.

For these reasons, we affirm the district court's denial of El Dorado's motion to dissolve and find that jurisdiction over El Dorado and the Trailer is proper in the District of Nevada.

Appellee Thomas W. McNamara's motion for judicial notice is granted.

**AFFIRMED.**